OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Day, Appellant, v. Day, Appellee.

[Cite as Day v. Day (1992),     Ohio St.3d     .]

Appeal dismissed as improvidently allowed.

(No. 91-1445 -- Submitted May 20, 1992 -- Decided July 1, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-745.

Maryann B. Gall, for appellant.

Jeffrey A. Grossman Co., L.P.A., and Jeffrey A. Grossman, for appellee.

The appeal is dismissed, sua sponte, as having been improvidently allowed.

Sweeney, Douglas, H. Brown and Resnick, JJ., concur.

Moyer, C.J., Holmes and Wright, JJ., dissent.

Moyer, C.J., dissenting. I would affirm the judgment of the court of appeals.

Holmes, J., dissenting. I disagree with the majority in determining that this case was improvidently allowed. In addition to having a basic philosophic concern with the "improvidently allowed" rule, I believe that this case should be reversed in part, and law be set forth on the issue of the appropriate handling by domestic relations courts of unfunded, unvested retirement benefits found in company plans.

When a contingent, unfunded and unvested retirement benefit constitutes a major asset of the marital estate, it is error to award one half of its actuarially computed present value to the non-employed spouse, payable forthwith from other assets, and to award the contingent retirement benefit to the employed spouse without providing the employed spouse some contemporaneous assurance that the contingent retirement benefit will in fact be paid. Accordingly, I dissent.

Wright, J., concurs in the foregoing dissenting opinion.